## Willkie v. Abbott's Ex'x.

Feb. 15, 1944.

Clark & Manby for appellant.

James A. Hall for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Alexis Abbott died testate in August, 1934. He devised to his wife, Lillie Abbott, a life estate in a portion of his real estate, appointed her executrix of his will, and empowered her as such executrix to sell and convey all of his real estate. On April 16, 1941, she offered in writing to sell and convey a strip of land consisting of approximately 7 acres for $40 an acre, payable in cash upon delivery of deed. The 7-acre strip is located on the south side of U. S. highway No. 42 in Oldham county, and across the highway from the remainder of the Alexis Abbott farm on which appellee resides. The written offer to sell provided that the seller was to pay the regular commission, and that the offer was good until 6 p. m. on May 6, 1941. On April 26, 1941, the appellant, Robert T. Willkie, accepted the offer in writing, and at the same time delivered to S. T. Taylor and Mrs. S. T. Taylor, the real estate agents, his check for $280 payable to Lillie Abbott, executrix. In the meantime the strip of land had been surveyed, and it was found that it contained 7 acres. Appellee declined to accept the check and refused to convey the land. Thereafter Robert T. Willkie brought this action for specific performance. Upon submission of the case the chancellor refused to decree specific performance of the contract, and dismissed the plaintiff's petition. The plaintiff appeals.

In her answer the defendant alleged that S. T. Taylor and his wife, who procured from her the written offer to sell, were not her agents but were the agents of the plaintiff, that they unduly persuaded her to sign the writing and she signed it on the condition that they were to obtain the approval of her son, Edward Abbott, but

that his approval was never obtained. She also alleged that the price of $40 an acre was grossly inadequate. In one paragraph of her answer the defendant alleged that she had made her final settlement as executrix of Alexis Abbott, deceased, had been discharged as such executrix, and was without power or authority to make or complete the sale. The court properly sustained a demurrer to this paragraph of the answer since it disclosed that her settlement as executrix was made almost a year after the contract of sale was made. Appellee concedes that the ruling of the court was correct.

It is argued in behalf of appellee that she was not competent to enter into a contract for the sale of land, but there is neither pleading nor proof to sustain this argument. It is said, however, that due to her advanced age, 69 years when the contract was signed, and her lack of education and business experience, she was susceptible to undue influence, and that she was unduly influenced and persuaded by the Taylors to sign the writing presented to her. It is also argued that the contract for the sale of the 7-acre tract of land is unfair and unjust since the price is grossly inadequate. The great weight of the evidence was to the effect that $40 an acre was a fair price for the land. Some of appellee's own witnesses so testified. The only witnesses to the contrary were her son and son-in-law. There was no proof that appellee was incompetent to transact business by reason of either physical or mental disabilities. The most that any witness said was that she is inexperienced in business matters and prior to her husband's death in 1934 had never transacted any business. Her husband, however, had sufficient faith in her business ability to empower her to sell and convey all of his real estate, and after his death she lived alone on the farm and managed it. She had previously sold and conveyed one farm to her son-in-law.

The real issue in the case involves the agency of the Taylors. Were they the agents of the appellant or the appellee? Appellee claims that they were appellant's agents, and that they falsely represented to her that they had obtained the approval of her son, Edward Abbott, before she signed the contract. Appellee's children were probably mentioned during her conversation with the Taylors before the offer to sell was signed, but her statement, that she agreed to sell the land on condition that her son's approval must be obtained and that Mrs.

Taylor represented to her later that she had obtained Edward Abbott's approval, was contradicted by Mrs. Taylor and by circumstances disclosed by the record, not necessary to mention here, since the evidence conclusively shows that the Taylors were not the agents of appellant but acted as the agents of appellee. That being true, appellant is not charged with any representations made by them. Appellant was in the market for a farm and had looked at a number of tracts of land on U. S. highway 42 in the neighborhood of the Abbott tract. The W. W. Anderson farm of 219 acres, lying across the highway from the Abbott farm, had been listed with the Taylors, who tried to interest appellant in it when they learned that he was in the market for land in that neighborhood. He looked at the farm and a price of $40 an acre was agreed upon, but when he learned that the 7-acre strip lying between the W. W. Anderson land and the highway did not belong to Anderson, he refused to purchase the Anderson farm unless he could purchase the 7-acre tract. Anderson and his agents, the Taylors, were interested in obtaining an option on the 7-acre tract in order that the sale of the Anderson land might be consummated. Appellant at no time employed the Taylors to obtain the 7-acre tract, nor did he agree to pay them any commission. He merely informed Anderson and the latter's agents that he would not close the contract for the Anderson farm unless he could purchase the 7-acre strip of land. Anderson went with the Taylors to the Abbott home, and Mrs. Abbott expressed a willingness to sell the 7-acre strip at $40 an acre, the price at which Anderson had agreed to sell his farm, provided she was permitted to remove an old barn located on the land. Permission to do so was inserted in the written offer of sale signed by appellee. When she signed the offer she authorized the Taylors, as her agents, to submit it to prospective purchasers. The writing itself provided that the seller was to pay the regular commission. We think the evidence shows conclusively that the Taylors were the agents of appellee, and it follows that the chancellor erred in dismissing the plaintiff's petition.

The judgment is reversed, with directions to enter a judgment granting the relief prayed for in the petition.